UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

_____

In Re:

JACOB REICHMAN

                    Debtor.

_____

Hearing Date: July 16, 2013
Hearing Time: 10:00 am

**NOTICE OF**
**MOTION FOR TERMINATION**
**OF AUTOMATIC STAY**

Case No.:  13-43565-ess
Chapter 7

Assigned to:
HON. ELIZABETH S. STONG
Bankruptcy Judge


PLEASE TAKE NOTICE that U.S. Bank National Association, as trustee, of the CSFB
ABS Trustee Series Heat 2002-1, by its undersigned attorneys, Eckert Seamans Cherin &
Mellott, LLC, will move this Court on **July 16, 2013, at 10:00 a.m.** or as soon thereafter as the
Court determines, at the United States Bankruptcy Court for the Eastern District of New York,
271-C Cadman Plaza East, Brooklyn, NY 11201, Courtroom 3585, for an Order pursuant to 11
U.S.C. §362(d)(1) and/or 11 U.S.C. §362(d)(2) terminating the automatic stay as to interest in
real property commonly known as 762 Empire Boulevard, Unit 1D, Brooklyn, NY 11213,
excluding said Property from future bankruptcy stays, and for such other relief as the Court may
deem proper.

PLEASE TAKE FURTHER NOTICE that answering and opposing papers, if any, must be served upon the Court and the undersigned no later than seven (7) days before the return date of this Motion.

DATED:      June 12, 2013
              White Plains, NY

By: _____Andrea M. Roberts_____
      Richard J. Pelliccio (RJP-6537)
      Andrea M. Roberts (AMR-7383)
ECKERT SEAMANS CHERIN & MELLOTT, LLC
10 Bank Street, Suite 700
White Plains, NY  10606

2

TO:

    JACOB REICHMAN        *Pro Se* Debtor
    762 Empire Boulevard
    Unit 1D
    Brooklyn, NY  11213

    BEN ERPST          *Pro Se* Petitioner
    Empire Condo Owners Associates
    1705 51st Street
    Brooklyn, NY  11201

    OFFICE OF U.S. TRUSTEE    U.S. Trustee
    271 Cadman Plaza East
    Suite 4529
    Brooklyn, NY 11201

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

In Re:

JACOB REICHMAN

                    Debtor.

**AFFIRMATION IN SUPPORT OF
MOTION FOR TERMINATION OF
AUTOMATIC STAY**

Case No.:  13-43565-ess
Chapter 7

Assigned to:
HON. ELIZABETH S. STONG
Bankruptcy Judge

Andrea M. Roberts, the undersigned, an attorney duly licensed to practice law in the State

of New York and admitted to practice before the United States District Court for the Eastern

District of New York, affirms the following under the penalty of perjury:

## I.    BACKGROUND

**A.    The Property and Ownership Thereof**

1.      I submit the within Affirmation in support of the Motion of U.S.  Bank  National

Association, as trustee, of the CSFB ABS Trustee Series Heat 2002-1 (hereinafter, the "Owner"),

by its attorneys Eckert Seamans Cherin & Mellott, LLC, to, among other things and out of an

abundance of caution, terminate the automatic stay in this case with respect to real property

commonly known as 762 Empire Boulevard, Unit 1D, Brooklyn, NY 11213 (the "Property") and

respectfully state as follows, based on information publicly available or provided by the Owner.

2.      Owner derives its status as fee simple owner of the Property from a foreclosure

sale of the Property to the Owner on March 2, 2013  A true and correct copy of the Referee's

deed conveying the Property to the Owner is annexed hereto as **Exhibit "A"**.

3.     On December 18, 2012, a Judgment of Possession (the "Judgment of Possession") was entered with respect to the Property, and in favor of Owner, at case number 83874/2012 in the Civil Court of the City of New York, County of Kings.   A true and correct copy of the Judgment of Possession is attached hereto as **Exhibit "B"**.

**B.     The First Involuntary Case Filed by Ben Erpst – Case No. 13-41214 – and Relief from Stay Granted.**

4.     On March 4, 2013, a purported creditor, Ben Erpst, as partner and member of Empire Condo Owners Associates (the "Purported Creditor"), filed a *pro se* involuntary bankruptcy petition (the "First Involuntary Petition") against Jacob Reichman (the "Purported Debtor") under Chapter 7 of the United States Bankruptcy Code at Case No. 13-41214-ess (the "First Involuntary Case").

5.     Owner was unaware of the First Involuntary Case until April 3, 2013.

6.     Specifically, on April 3, 2013, Owner's attempt to enforce its Judgment of Possession via eviction by Marshall was stayed when someone (presumably the Purported Creditor) informed the Marshall of the First Involuntary Case.

7.     Thereafter, on or about April 23, 2013, Owner filed a Motion for Termination of Automatic Stay (the "First Motion for Relief") and served the same upon the Purported Debtor and the Purported Creditor.  [Docket No. 8].

8.     Neither the Purported Creditor nor the Purported Debtor timely responded to the First Motion for Relief or appeared at the scheduled May 14, 2013 hearing.

9.     On May 14, 2013, this Court entered an Order Granting the First Motion for Relief [Docket No. 9].

10.     Also on May 14, 2013, this Court entered an Order dismissing the First Involuntary Case for failure of the Purported Creditor to Prosecute.  [Docket No. 10].

**C.**    **The Second Involuntary Case Filed by Ben Erpst – 13-43565**

11.    Subsequent to the expiration of the appeals periods for the above-referenced Orders, Owner rescheduled the enforcement of its Judgment of Possession in the form of an eviction conducted by Marshall for June 11, 2013.

12.    However, the morning of June 11, 2013, Purported Creditor, Ben Erpst, after failing to prosecute the First Involuntary Case and failing to respond to the First Motion for Relief, surfaced and initiated a second Involuntary Bankruptcy Case at Case No. 13-43565 (the "Second Involuntary Case") by filing a second Involuntary Bankruptcy Petition (the "Second Involuntary Petition").

13.    The Second Involuntary Petition is substantially similar to the First Involuntary Petition, such that it does not appear that any material facts or circumstances have changed since the First Involuntary Case was dismissed.

14.    Immediately after commencing the Second Involuntary Case, the Purported Creditor effectively stayed Owner's attempt to enforce its Judgment of Possession by forwarding information concerning the Second Involuntary Case to the Marshall's office.

15.    The timing of the Second Involuntary Case, especially in light of the circumstances of the First Involuntary Case, suggests that the Second Involuntary Case was filed for the purpose of staying Owner's attempt to enforce its Judgment of Possession via an eviction with respect to the Property.

## II.    RELIEF REQUESTED AND CAUSE THEREFORE

16.    While the Property is the last known address of the Purported Debtor, Owner does not know if the Purported Debtor still resides at the Property.

17.    However, upon information and belief, Purported Creditor may have access to the Property, and Owner is extremely suspicious that both the First Involuntary Petition and the Second Involuntary Petition are some type of ruse to prevent Owner from securing and enjoying the use of its Property or to otherwise prevent Owner from enforcing the Judgment of Possession.[1]

18.    As Purported Debtor no longer owns the Property, he is (at most) a mere occupant in possession, without any legal right to be either an occupant or in possession.

19.    The Owner respectfully requests that relief from stay be granted, as the Owner is the sole Owner of the Property and must be allowed to enjoy the rights incident to ownership and be able to evict the Purported Debtor or others from the Property.

20.    11 U.S.C. § 362(d)(1) provides, in pertinent part, that the Court shall grant relief from the stay imposed by Section 362(a) "for cause, including lack of adequate protection of an interest in property…". 11 U.S.C. § 362(d)(1).

21.    It is respectfully submitted that the Purported Debtor has no ownership interest in the Property that would be part of the estate within the meaning of 11 U.S.C. §541. Therefore, the Owner is entitled to relief from the automatic stay for "cause" within the meaning of 11 U.S.C. §362(d)(1), as its rights should not be impaired by a bankruptcy concerning an individual who has no legally enforceable interest in the Property.

22.    Moreover, 11 U.S.C. § 362(d)(2) provides, in pertinent part, that the Court shall grant relief from the stay imposed by Section 362(a) "with respect to a stay of an act against property … if (A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization". 11 U.S.C. § 362(d)(2).

---

[1] Owner intends to seek a Rule 2004 examination of the Purported Creditor and to seek proximate and punitive damages from the Purported Creditor to the extent the First Involuntary Petition and/or Second Involuntary Petition were filed in bad faith.

23.    It is respectfully submitted that the requirements of 11 U.S.C. § 362(d)(2)(A) are fulfilled, as the Purported Debtor has no legally enforceable interest, let alone equity, in the Property.    The requirements of 11 U.S.C. § 362(d)(2)(B) are fulfilled as (i) the instant bankruptcy case is not a reorganization case and (ii) the Debtor has no legally enforceable interest in the Property.

24.    As the instant Motion is not based on a mortgage default, but is based upon Owner's fee simple ownership interest in the Property and the Judgment of Possession entered against the Purported Debtor, Owner respectfully requests that the requirement for a worksheet be waived as such worksheet will not provide any information.

25.    Further, in light of the First Involuntary Case, Owner respectfully requests a determination that the Property is not property of the estate under 11 U.S.C. § 541 and that, in the event a subsequent bankruptcy case is filed by or against the Purported Debtor before Owner is able to enforce its Judgment of Possession by eviction, that the automatic stay of any such subsequent bankruptcy case will not operate as a stay with respect to Owner's enforcement of its rights under applicable law with respect to the Property.

26.    A copy of a proposed Order granting the relief sought by Owner is annexed hereto as **Exhibit "C"**.

WHEREFORE, U.S. Bank National Association, as trustee, of the CSFB ABS Trustee Series Heat 2002-1 respectfully requests this Court to enter an Order: (A) terminating the automatic stay as to Owner's interest in the Property more commonly referred to as 762 Empire Boulevard, Unit 1D, Brooklyn, NY 11213; (B) excluding said Property from the automatic stay of any subsequent bankruptcy case filed by or against the Purported Debtor herein; and (C) such

additional relief as the Court may deem just in this matter.

Dated:      June 12, 2013
            White Plains, NY

By: _Andrea M. Roberts_____
            Richard J. Pelliccio (RJP-6537)
            Andrea M. Roberts (AMR-7383)
ECKERT SEAMANS CHERIN & MELLOTT, LLC
10 Bank Street, Suite 700
White Plains, NY 10606

# Exhibit A

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.



2012052401185001001E3C8C

| RECORDING AND ENDORSEMENT COVER PAGE | PAGE 1 OF 9 |
|---|---|

| Document ID: 2012052401185001 | Document Date: 03-02-2012 | Preparation Date: 05-29-2012 |
|---|---|---|

Document Type: DEED
Document Page Count: 8

| PRESENTER: | RETURN TO: |
|---|---|
| TITLE NO: MAC-1573-KINGS<br>METROPOLIS ABSTRACT AS AGENT FOR OLD REPUBLIC<br>570 TAXTER ROAD<br>ELMSFORD, NY 10523<br>914-592-0003 | SELECT PORTFOLIO SERVICING, INC<br>3815 SOUTH WEST TEMPLE<br>SALT LAKE CITY, UT 84115 |

### PROPERTY DATA

| Borough | Block | Lot | | Unit | Address |
|---|---|---|---|---|---|
| BROOKLYN | 1427 | 1020 | Entire Lot | 1E | 762 EMPIRE BOULEVARD |

**Property Type:** SINGLE RESIDENTIAL CONDO UNIT

### CROSS REFERENCE DATA

CRFN_____ or Document ID_____ or _____ Year____ Reel___ Page_____ or File Number_____

### PARTIES

| GRANTOR/SELLER: | GRANTEE/BUYER: |
|---|---|
| DAVID CHIDEKEL, ESQ, REFEREE<br>575 MADISON AVENUE, SUITE 1006<br>NEW YORK, NY 10022 | U.S. BANK NATIONAL ASSOCIATION<br>338 SOUTH WARMINSTER ROAD<br>HATBORO, PA 19040 |

### FEES AND TAXES

| Mortgage | | | Filing Fee: | | |
|---|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | | $ | 0.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | | |
| Exemption: | | | Ref.No. 2006000258460 PREPAID $ | | 2,487.10 |
| TAXES: County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | | |
| City (Additional): | $ | 0.00 | Ref.No. 2006000258460 PREPAID $ | | 996.00 |
| Spec (Additional): | $ | 0.00 | | | |
| TASF: | $ | 0.00 | | | |
| MTA: | $ | 0.00 | | | |
| NYCTA: | $ | 0.00 | | | |
| Additional MRT: | $ | 0.00 | | | |
| TOTAL: | $ | 0.00 | | | |
| Recording Fee: | $ | 77.00 | | | |
| Affidavit Fee: | $ | 0.00 | | | |

**RECORDED OR FILED IN THE OFFICE OF THE CITY REGISTER OF THE CITY OF NEW YORK**

Recorded/Filed        06-12-2012 16:22
City Register File No.(CRFN):
**2012000229404**

*Annette M Hill*

*City Register Official Signature*

mac-c by #1573-k

**THIS DEED** dated the 2 day of March , 20 12,

**BETWEEN** David Chidekel, Esq., 575 Madison Avenue, Suite 1006, New York, New York 10022, Referee duly appointed in the action hereinafter mentioned, Grantor, and

U.S. Bank National Association as trustee of CSFB ABS Trust Series HEAT 2002-1, 338 South Warminster Road, Hatboro, PA 19040, Grantee,

**WITNESSETH** that the Grantor, the referee appointed in an action between U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE OF CSFB ABS TRUST SERIES HEAT 2002-1, Plaintiff, and JACOB REICHMAN and DALIA REICHMAN, Defendants, under Index No. 11889/2005, Supreme Court of the State of New York, Kings County, 360 Adams Street, Foreclosure Part, Room 274, Brooklyn, NY 11201, foreclosing a mortgage recorded on January 15, 2002, in the Office of the Clerk of the County of Kings, in Liber 5435 of Mortgages, at Page 2296, in pursuance of a judgment entered at an IAS, Part 49 of the Supreme Court, on September 9, 2005, and in consideration of Two Hundred Fifty-one Thousand Five Hundred Five and 24/100 ($251,505.24) Dollars paid by the Grantee, being the highest sum bid at the sale under said judgment, does hereby grant and convey unto the Grantee

Said premises known as and by the street address: 762 Empire Boulevard 1E, Brooklyn, New York 11213.

**SEE EXHIBIT "A" ANNEXED HERETO AND MADE A PART HEREOF.**

Said premises being and intended to be the same premises conveyed by Deed dated January 4, 1996, from SHELIBONEH CONSTRUCTION, INC. to JACOB REICHMAN, recorded February 2, 1996, in Liber 3647 at page 919.

**TO HAVE AND TO HOLD** the premises granted unto the Grantee U.S. Bank National Association as trustee of CSFB ABS Trust Series HEAT 2002-1, and its assigns forever. Whenever the text requires, the singular number herein shall include the plural and all genders.

This deed replaces a referee's deed which I executed before a notary public on February 16, 2006, a true and correct copy of which is attached hereto as Exhibit B. The original deed cannot be located after a diligent search and was not recorded.

{V0053405.1}

**IN WITNESS WHEREOF**, the grantor has set his hand and seal, the date first above written.

_David Chidekel_

David Chidekel, Esq.
Referee

STATE OF NEW YORK      }
                       } SS.:
COUNTY OF NEW YORK     }

    On the 2 day of March in the year 2012, before me, the undersigned, a notary public in and for said state, personally appeared David Chidekel, Esq., personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity that by his/her their signature(s) on the instrument, the individual(s) or the person upon behalf of which the individual(s), acted executed the instrument.

_Armida Alarcon_

NOTARY PUBLIC

ARMIDA ALARCON
COMMISSIONER OF DEEDS
EXP DEC 1, 2012
NEW YORK COUNTY
NO. 2-12665

SEAL

_Record & Return to:_
_Select Portfolio Servicing, Inc._
_3815 South West Temple_
_Salt Lake City, UT 84115_

{V0053405.1}

EXHIBIT "A"

BLOCK: 1427 AND LOT: 1020

THE Unit (the "Unit") known as Unit No. 1E in the Empire Gardens Condominium located at
762 Empire Boulevard, Borough of Brooklyn, County of Kings, City and State of New York,
said Unit being designated and described as Unit No. 1 E in the Declaration establishing a plan
for condominium ownership of said premises under Article 9-B of the Real Property Law of the
State of New York (the "New York Condominium Act"), said Declaration dated January 5, 1995
and recorded in the Kings County Office of the Register of the City of New York (the "City
Register's Office") on August 21, 1995 in Reel 3567 page 126 and also designated as Tax Lot
1020 in Block 1427 of Section 5 of the Borough of Brooklyn on Tax Map of the Real Property
Assessment Department of the City of New York and on the Floor Plans of said Building,
certified by Robert Henry, R.A. on June 2, 1992, and filed in the City Register's Office on   1995
as Condominium Plan No. 513. The premises upon which the Condominium and the Unit therein
are located (the "Property") are more particularly described in Schedule A hereto and made a
part hereof.  All capitalized terms herein which are not separately defined herein shall have the
meanings given to those terms in the Declaration or in the By-Laws of the Condominium.  (Said
Declaration and By-Laws, as the same may be amended from time to time, are hereinafter
referred to as the "Declaration and the "By-Laws", respectively).

TOGETHER with an undivided 1.70% interest in the Common Elements.

{V0053405.1}

SCHEDULE A

ALL that certain plot, piece or parcel of land, situate, lying and being in the Borough of Brooklyn, County of Kings, City and State of New York, bounded and described as follows:

BEGINNING at a point on the easterly side of Troy Avenue, distant fifteen feet, one and three quarter inches northerly from the corner formed by the intersection of the easterly side of Troy Avenue and the northerly side of Lefferts Avenue (formerly known as Broadway);

RUNNING THENCE northerly along the easterly side of Troy Avenue, eighty five feet;

THENCE easterly at right angles to Troy Avenue, one hundred feet;

THENCE southerly parallel with Troy Avenue, eighty four feet nine and one eight inches;

THENCE southwesterly parallel with Lefferts Avenue (formerly known as Broadway), on foot seven and one eight inches;

THENCE westerly at right angles to Troy Avenue, ninety eight feet five and one eight inches to the easterly side of Troy Avenue at the point or place of BEGINNING.

EXHIBIT B

ORIGINAL

THIS DEED made the _____ day of December, 2005

BETWEEN David Chidekel, Esq., 575 Madison Avenue, Suite 1006, New York, New York 10022, Referee duly appointed in the action hereinafter mentioned, Grantor, and

U.S. Bank National Association as trustee of CSFB ABS Trust Series HEAT 2002-1, 338 South Warminster Road, Hatboro, PA 19040, Grantee,

WITNESSETH that the grantor, the referee appointed in an action between U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE OF CSFB ABS TRUST SERIES HEAT 2002-1, Plaintiff and JACOB REICHMAN; DALIA REICHMAN, Defendants under Index No. 11889/2005, Kings County Supreme Court, 360 Adams Street, Foreclosure Part, Room 274, Brooklyn, NY 11201, foreclosing a mortgage recorded on January 15, 2002, in the Office of the Clerk of the County of Kings, in Liber 8435 of Mortgages, at Page 2296, in pursuance of a judgment entered at an IAS, Part 49 of the Supreme Court, on September 9, 2005, and in consideration of Two Hundred Fifty-one Thousand Five Hundred Five and 24/100 ($251,505.24) Dollars paid by the grantee, being the highest sum bid at the sale under said judgment, does hereby grant and convey unto the grantee

Said premises known as and by the street address:  762 Empire Boulevard 1E, Brooklyn, New York 11213.

SEE SCHEDULE "A" ANNEXED HERETO AND MADE A PART HEREOF.

Said premises being and intended to be the same premises conveyed by Deed dated January 4, 1996, from SEHLIBONER CONSTRUCTION, INC. to JACOB REICHMAN, recorded February 2, 1996, in Liber 3647 at page 919.

TO HAVE AND TO HOLD the premises granted unto the grantee U.S. Bank National Association as trustee of CSFB ABS Trust Series HEAT 2002-1, and its assigns forever.  Whenever the text requires, the singular number herein shall include the plural and all genders.

IN WITNESS WHEREOF, the grantor has set his hand and seal, the date first above written.

David Chidekel, Esq.
Referee

STATE OF NEW YORK

COUNTY OF KINGS

On the 16 day of February in the year 2006, before me, the undersigned, a notary public in and for said state, personally appeared David Chidekel, Esq. personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity that by his/her their signature(s) on the instrument, the individual(s) or the person upon behalf of which the individual(s), acted executed the instrument.

NOTARY PUBLIC

**SCHEDULE "A"**

BLOCK: 1437   AND LOT: 1520.

THE Unit (the "Unit") known as Unit No. 1E in the Empire Gardens
Condominium located at 763 Empire Boulevard, Borough of Brooklyn,
County of Kings, City and State of New York, said Unit being
designated and described as Unit No. 1 in the Declaration
establishing a plan for condominium ownership of said premises under
Article 9-B of the Real Property Law of the State of New York (the
"New York Condominium Act"), said Declaration dated January 5, 1995
and recorded in the Kings County Office of the Register of the City
of New York (the "City Register's Office") on August 2 1, 1995 in
Reel 3867 page 136 and also designated as Tax Lot 1520 in Block 1437
of Section 5 of the borough of Brooklyn on the Tax Maps of the Real
Property Assessment Department of the City of New York; and on the
Floor Plans of said Building, certified by Robert Nesery, R.A. on
June 3, 1982, and filed in the City Register's Office on     1995 as
Condominium Plan No.   .  The premises upon which the Condominium
and the Unit therein are located (the "Property") are more
particularly described in Schedule A hereto and made a part hereof.
All capitalized terms herein which are not separately defined herein
shall have the meanings given to those terms in the Declaration of
in the By-Laws of the Condominium. (Said Declaration and By-Laws,
as the same may be amended from time to time, are hereinafter
referred to as the "Declaration and the "By-Laws", respectively).

TOGETHER with an undivided 3.769 interest in the Common Elements.

Index No. 11889/2005

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------X
DAVID CHIDEKEL, ESQ., Referee,
                    Grantor,

        TO

U.S. BANK NATIONAL ASSOCIATION as TRUSTEE OF
CSFB ABS TRUST SERIES HEAT 2002-1,
                   Grantee.
------------------------------------------X

--------------------------------------------------------

**REFEREE'S DEED IN FORECLOSURE**

--------------------------------------------------------

SECTION:
BLOCK: 1427
LOT: 1020

RECORD AND RETURN TO:
U.S. Bank National Association as trustee of CSFB ABS Trust
Series HEAT 2002-1
332 South Warminster Road
Hatboro, PA 19040

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**



2012052401185001001SF20D

| SUPPORTING DOCUMENT COVER PAGE | | PAGE 1 OF 1 |
|---|---|---|
| **Document ID: 2012052401185001** | Document Date: 03-02-2012 | Preparation Date: 05-29-2012 |

Document Type: DEED

**SUPPORTING DOCUMENTS SUBMITTED:**

Page Count

RP - 5217 REAL PROPERTY TRANSFER REPORT

2

**FOR CITY USE ONLY**

| C1. County Code | | C2. Date Deed Recorded | Month | Day | Year |
|---|---|---|---|---|---|

C3. Book
OR
C4. Page

C6. CRFN

**REAL PROPERTY TRANSFER REPORT**

STATE OF NEW YORK
STATE BOARD OF REAL PROPERTY SERVICES

# RP - 5217NYC
(Rev 11/2002)

**PROPERTY INFORMATION**

**1. Property Location**  762 `STREET NUMBER`  Empire Boulevard, Unit 1E `STREET NAME`  Brooklyn `BOROUGH`  11213 `ZIP CODE`

**2. Buyer Name**  U.S. Bank National Association, As Trustee
`LAST NAME / COMPANY`                         `FIRST NAME`

`LAST NAME / COMPANY`                         `FIRST NAME`

**3. Tax Billing Address**  Indicate where future Tax Bills are to be sent. If other than buyer address (at bottom of form)  Select Portfolio Servicing, Inc.
`LAST NAME / COMPANY`                         `FIRST NAME`

3815 SouthWest Temple `STREET NUMBER AND STREET NAME`  Salt Lake City `CITY OR TOWN`  UT `STATE`  84115 `ZIP CODE`

**4. Indicate the number of Assessment Roll parcels transferred on the deed** [____] # of Parcels OR [  ] Part of a Parcel

**4A.** Planning Board Approval - N/A for NYC
**4B.** Agricultural District Notice - N/A for NYC

Check the boxes below as they apply:
**6.** Ownership Type is Condominium  [X]
**7.** New Construction on Vacant Land  [ ]

**5. Deed Property Size**  [____] FRONT FEET X [____] DEPTH OR [____] ACRES

**8. Seller Name**  David Chidekel, Esq., as Referee
`LAST NAME / COMPANY`                         `FIRST NAME`

`LAST NAME / COMPANY`                         `FIRST NAME`

**9. Check the box below which most accurately describes the use of the property at the time of sale:**

| A [ ] | One Family Residential | C [ ] | Residential Vacant Land | E [ ] | Commercial | G [ ] | Entertainment / Amusement | I [ ] | Industrial |
|---|---|---|---|---|---|---|---|---|---|
| B [ ] | 2 or 3 Family Residential | D [ ] | Non-Residential Vacant Land | F [X] | Apartment | H [ ] | Community Service | J [ ] | Public Service |

**SALE INFORMATION**

**10. Sale Contract Date**  [____] Month [____] Day [____] Year

**11. Date of Sale / Transfer**  03 / 02 / 12  Month / Day / Year

**12. Full Sale Price**  $251,505.24

( Full Sale Price is the total amount paid for the property including personal property. This payment may be in the form of cash, other property or goods, or the assumption of mortgages or other obligations.) *Please round to the nearest whole dollar amount.*

**13. Indicate the value of personal property included in the sale**  $0.00

**14. Check one or more of these conditions as applicable to transfer:**

| A [ ] | Sale Between Relatives or Former Relatives |
|---|---|
| B [ ] | Sale Between Related Companies or Partners in Business |
| C [ ] | One of the Buyers is also a Seller |
| D [ ] | Buyer or Seller is Government Agency or Lending Institution |
| E [X] | Deed Type not Warranty or Bargain and Sale (Specify Below) |
| F [ ] | Sale of Fractional or Less than Fee Interest ( Specify Below ) |
| G [ ] | Significant Change in Property Between Taxable Status and Sale Dates |
| H [ ] | Sale of Business is Included in Sale Price |
| I [ ] | Other Unusual Factors Affecting Sale Price ( Specify Below ) |
| J [ ] | None |

Referee's Deed/Foreclosure

**ASSESSMENT INFORMATION** - Data should reflect the latest Final Assessment Roll and Tax Bill

**15. Building Class** [____]    **16. Total Assessed Value** (of all parcels in transfer) [____]

**17. Borough, Block and Lot / Roll Identifier(s)** ( If more than three, attach sheet with additional identifier(s) )

Brooklyn (Section 3)    Block 1427    Tax Lot 1020

**CERTIFICATION**    I certify that all of the items of information entered on this form are true and correct (to the best of my knowledge and belief) and I understand that the making of any willful false statement of material fact herein will subject me to the provisions of the penal law relative to the making and filing of false instruments.

BUYER

c/o Select Portfolio Servicing, Inc.
`BUYER SIGNATURE`                     `DATE`

3815 South West Temple
`STREET NUMBER`    `STREET NAME (AFTER SALE)`

Salt Lake City    UT    84115
`CITY OR TOWN`    `STATE`    `ZIP CODE`

BUYER'S ATTORNEY

Davis `LAST NAME`    Dorothy `FIRST NAME`

415 `AREA CODE`    566-5953 `TELEPHONE NUMBER`

SELLER

`SELLER SIGNATURE`    3/2/12 `DATE`

## ADDENDUM TO RP-5217

Transferor:    David Chidekel, as referee

Transferee:    US Bank National Association, as Trustee

Property:    762 Empire Boulevard
             Brooklyn, NY 11213, Unit 1E

    Jacob Reichman is a defaulted mortgagor who has been foreclosed of all right, title and interest in the above-referenced property.  As such, the undersigned is unable to verify his social security or tax identification number or obtain his signature.

Dated: White Plains, NY
      July 27, 2011

                      Richard J. Pelliccio, Esq.

# Exhibit B

**CIVIL COURT OF THE CITY OF NEW YORK**
**COUNTY OF KINGS        PART    (**
**DECISION AND JUDGMENT**

INDEX # 083874/2012
JUDGMENT SEQ # 001

U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE OF CSFB ABS TRUST,
Petitioner(s)

**AGAINST**

REICHMAN, JACOB
REICHMAN, DALIA
DOE, JOHN
DOE, JANE

Respondent(s)

---

**Decision and judgment is** rendered based upon
a decision made after an inquest was held as follows:
Judgment of possession is granted in favor of:
U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE OF CSFB ABS TRUST,
and against
REICHMAN, JACOB
REICHMAN, DALIA
DOE, JOHN
DOE, JANE

A counterclaim is granted in favor of the respondent in the amount of     $0.00
(which if not being entered separately is offset and reflected in the
total amount due, listed below.)

A money judgment is hereby granted, along with cost and disbursements
in the amount of     $0.00 in favor of:
U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE OF CSFB ABS TRUST,
and against
REICHMAN, JACOB
REICHMAN, DALIA
DOE, JOHN
DOE, JANE

for a total amount of     $0.00

(Monthly use and occupancy is set at     $0.00 per month, as per order,
stipulation or decision in record.)

Warrant to issue forthwith

Date

Execution

**GARY F. MARTON**
Judge, Civil/Housing Court HOUSING PART

CIV-LT-50(2006)

Page 1 of 2

**CIVIL COURT OF THE CITY OF NEW YORK**
**COUNTY OF KINGS        PART** ____
**DECISION AND JUDGMENT**

INDEX # 083874/2012
JUDGMENT SEQ # 001

Section 5020(c) of the Civil Practice Law and Rules requires that a satisfaction be filed with the clerk when the judgment is satisfied.  Failure to do so subjects the judgment creditor to penalties.

=================================================================

**ENTRY OF JUDGMENT**

Judgment entered in accordance with the above on ___10/18/12___

CHIEF CLERK

_____
Chief Clerk, Civil Court

Warrant issued to Marshal _____ On _____

CIV-LT-50(2006)

Page 2 of 2

# Exhibit C

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
_____

In Re:

JACOB REICHMAN                                    Case No.: 13-41214-ess
                                                  Chapter 7
                          Debtor.

                                                  Assigned to:
                                                  HON. ELIZABETH S. STONG
_____  Bankruptcy Judge

### ORDER GRANTING MOTION FOR TERMINATION OF AUTOMATIC STAY

NOW THIS _____ day of _____, 2013, the Motion (the "Motion") of U.S. Bank National Association, as trustee, of the CSFB ABS Trustee Series Heat 2002-1 (the "Owner"), dated June 12, 2013, came before the Court for termination of the automatic stay with respect to real property more commonly referred to as 762 Empire Boulevard, Unit 1D, Brooklyn, NY 11213 (the "Property"). This Court, having considered the matter presented and any responses thereto, and with good cause appearing therefore, it is hereby

**ORDERED,** that the automatic stay in effect pursuant to 11 U.S.C. Section 362(a), is hereby terminated pursuant to 11 U.S.C. § 362(d)(1) and (d)(2) to allow the Owner to pursue its rights under applicable law with respect to the above-described Property; and it is further

**ORDERED,** that Owner's enforcement of its rights pursuant to the prior paragraph shall not be the subject of the automatic stay in any subsequent bankruptcy case filed by or against Mr. Jacob Reichman.

Dated: Brooklyn, New York
_____ __ , 2013

                                          _____
                                          Hon. ELIZABETH S. STONG
                                          United States Bankruptcy Judge

## CERTIFICATE OF SERVICE

I hereby certify that I caused true and correct copies of the foregoing **NOTICE OF MOTION FOR TERMINATION OF AUTOMATIC STAY** and **AFFIRMATION IN SUPPORT OF MOTION FOR TERMINATION OF AUTOMATIC STAY** upon the persons listed below via First Class U.S. Mail, postage prepaid, this 12th day of June, 2013:

JACOB REICHMAN
762 Empire Boulevard, Unit 1D
Brooklyn, NY  11213

*Pro Se* Debtor

BEN ERPST
Empire Condo Owners Associates
1705 51st Street
Brooklyn, NY  11201

*Pro Se* Petitioner

OFFICE OF U.S. TRUSTEE
271 Cadman Plaza East
Suite 4529
Brooklyn, NY 11201

U.S. Trustee

/s/ Andrea M. Roberts_____