UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

Hearing Date: September 6, 2013
Hearing Time: 10:00 am

---

In Re:

JACOB REICHMAN

                Debtor.

**NOTICE OF**
**MOTION FOR TERMINATION**
**OF AUTOMATIC STAY**

Case No.:  13-43565-ess
Chapter 7

Assigned to:
HON. ELIZABETH S. STONG
Bankruptcy Judge

---

      PLEASE TAKE NOTICE that U.S. Bank National Association, as trustee, of the CSFB ABS Trustee Series Heat 2002-1, by its undersigned attorneys, Eckert Seamans Cherin & Mellott, LLC, will move this Court on **September 6, 2013, at 10:00 a.m.** or as soon thereafter as the Court determines, at the United States Bankruptcy Court for the Eastern District of New York, 271-C Cadman Plaza East, Brooklyn, NY 11201, Courtroom 3585, for an Order pursuant to 11 U.S.C. §362(d)(1) and/or 11 U.S.C. §362(d)(2) terminating the automatic stay as to interest in real property commonly known as 762 Empire Boulevard, Unit 1E, Brooklyn, NY 11213, vacating the Court's Order dated July 17, 2013 terminating the automatic stay with respect to the property located at 762 Empire Boulevard, Unit 1D, Brooklyn, NY 11213 and for such other relief as the Court may deem proper.

PLEASE TAKE FURTHER NOTICE that answering and opposing papers, if any, must be served upon the Court and the undersigned no later than seven (7) days before the return date of this Motion.

DATED:      August 9, 2013
             White Plains, NY

By:   *Andrea M. Roberts*

      Richard J. Pelliccio (RJP-6537)
      Andrea M. Roberts (AMR-7383)
ECKERT SEAMANS CHERIN & MELLOTT, LLC
10 Bank Street, Suite 700
White Plains, NY  10606

TO:

JACOB REICHMAN                  *Pro Se* Debtor
762 Empire Boulevard
Unit 1D
Brooklyn, NY  11213

BEN ERPST                       *Pro Se* Petitioner
Empire Condo Owners Associates
1705 51st Street
Brooklyn, NY  11201

OFFICE OF U.S. TRUSTEE          U.S. Trustee
271 Cadman Plaza East
Suite 4529
Brooklyn, NY 11201

Sweeney, Gallo, Reich & Bolz, LLP
95-25 Queens Blvd.
Rego Park, New York 11374
*Attorneys for Countrywide Home Loans, Inc.*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

_____

In Re:

JACOB REICHMAN

              Debtor.

**AFFIRMATION IN SUPPORT OF**
**MOTION FOR TERMINATION OF**
**AUTOMATIC STAY**

Case No.:  13-43565-ess
Chapter 7

Assigned to:
HON. ELIZABETH S. STONG
Bankruptcy Judge

_____

      Andrea M. Roberts, the undersigned, an attorney duly licensed to practice law in the State

of New York and admitted to practice before the United States District Court for the Eastern

District of New York, affirms the following under the penalty of perjury:

## I.       BACKGROUND

### A.  The Property and Ownership Thereof

      1.      I submit the within Affirmation in support of the Motion of U.S.  Bank   National

Association, as trustee, of the CSFB ABS Trustee Series Heat 2002-1 (hereinafter, the "Owner"),

by its attorneys Eckert Seamans Cherin & Mellott, LLC, to, among other things and out of an

abundance of caution, terminate the automatic stay in this case with respect to real property

commonly known as 762 Empire Boulevard, Unit 1E, Brooklyn, NY 11213 (the "Property") and

respectfully state as follows, based on information publicly available or provided by the Owner.

### i.    762 Empire Boulevard, Unit 1E

      2.      Owner derives its status as fee simple owner of the Property from a foreclosure

sale of the Property to the Owner on March 2, 2013  A true and correct copy of the Referee's

deed conveying the Property to the Owner is annexed hereto as **Exhibit "A"**.

3.      On December 18, 2012, a Judgment of Possession (the "Judgment of Possession") was entered with respect to the Property, and in favor of Owner, at case number 83874/2012 in the Civil Court of the City of New York, County of Kings.   A true and correct copy of the Judgment of Possession is attached hereto as **Exhibit "B"**.

    **ii.**    **762 Empire Boulevard, Unit 1D**

4.      Jacob Reichman (the "Purported Debtor") was also the defendant named in a foreclosure action commenced in the Supreme Court of the State of New York, King County Index No.: 8236/2010 by Countrywide Home Loans, Inc., its successors and/or assigns with respect to the real property commonly known as 762 Empire Boulevard, Unit 1D, Brooklyn, NY 11231 (the "D Unit").

5.      Countrywide was granted a Judgment of Foreclosure and Sale in the foreclosure action and the D Unit was sold under the direction of the Court-appointed Referee.

6.      On March 3, 2008, Countrywide obtained a Judgment of Possession with respect to the D Unit.

7.      When Countrywide, by and through its agents, attempted to execute a Warrant of Eviction, it was discovered that the entranceway or doorway of the D Unit was removed or blocked over.

8.      Upon information and belief, Purported Creditor combined the Property and the D Unit into one (1) apartment whereby access to the premises is through the Property.

9.      The unauthorized combination of the Property and D into one (1) apartment has caused a number of problems and contributed to Owner's seeking and obtaining an order granting relief from stay with respect to the D Unit, which arguably does not include the Property.  [See, **Exhibit "C"** Order entered July 17, 2013].

10.     As a result, the instant motion seeks to clarify some of the confusion and also seeks to obtain relief specifically with respect to the Property.

**B. The First Involuntary Case Filed by Ben Erpst – Case No. 13-41214 – and Relief from Stay Granted.**

11.     On March 4, 2013, a purported creditor, Ben Erpst, as partner and member of Empire Condo Owners Associates (the "Purported Creditor"), filed a *pro se* involuntary bankruptcy petition (the "First Involuntary Petition") against Jacob Reichman (the "Purported Debtor") under Chapter 7 of the United States Bankruptcy Code at Case No. 13-41214-ess (the "First Involuntary Case").

12.     Owner was unaware of the First Involuntary Case until April 3, 2013.

13.     Specifically, on April 3, 2013, Owner's attempt to enforce its Judgment of Possession via eviction by Marshall was stayed when someone (presumably the Purported Creditor) informed the Marshall of the First Involuntary Case.

14.     Thereafter, on or about April 23, 2013, Owner filed a Motion for Termination of Automatic Stay (the "First Motion for Relief") and served the same upon the Purported Debtor and the Purported Creditor. [Docket No. 8].

15.     Neither the Purported Creditor nor the Purported Debtor timely responded to the First Motion for Relief or appeared at the scheduled May 14, 2013 hearing.

16.     On May 14, 2013, this Court entered an Order Granting the First Motion for Relief [Docket No. 9].

17.     Also on May 14, 2013, this Court entered an Order dismissing the First Involuntary Case for failure of the Purported Creditor to Prosecute. [Docket No. 10].

**C.  The Second Involuntary Case Filed by Ben Erpst – 13-43565**

18.    Subsequent to the expiration of the appeals periods for the above-referenced Orders, Owner rescheduled the enforcement of its Judgment of Possession in the form of an eviction conducted by Marshall for June 11, 2013.

19.    However, the morning of June 11, 2013, Purported Creditor, Ben Erpst, after failing to prosecute the First Involuntary Case and failing to respond to the First Motion for Relief, surfaced and initiated a second Involuntary Bankruptcy Case at Case No. 13-43565 (the "Second Involuntary Case") by filing a second Involuntary Bankruptcy Petition (the "Second Involuntary Petition").

20.    The Second Involuntary Petition is substantially similar to the First Involuntary Petition, such that it does not appear that any material facts or circumstances have changed since the First Involuntary Case was dismissed.

21.    Immediately after commencing the Second Involuntary Case, the Purported Creditor effectively stayed Owner's attempt to enforce its Judgment of Possession by forwarding information concerning the Second Involuntary Case to the Marshall's office.

22.    The timing of the Second Involuntary Case, especially in light of the circumstances of the First Involuntary Case, suggests that the Second Involuntary Case was filed for the purpose of staying Owner's attempt to enforce its Judgment of Possession via an eviction with respect to the Property.

23.    On June 12, 2013, Owner moved for relief from the automatic stay, which was granted on July 17, 2013 ("First Motion"). [See Ex. "C"].

4

24.    On August 6, 2013, Owner once again attempted to evict Purported Debtor from the Property. It was not until Owner attempted to evict Purported Debtor from the Property that it learned the premises identified on the July 17, 2013 Order was incorrect. As such, Owner unable to proceed with the eviction.[1]

## II.    RELIEF REQUESTED AND CAUSE THEREFORE

25.    While the Property is the last known address of the Purported Debtor, Owner does not know if the Purported Debtor still resides at the Property.

26.    However, upon information and belief, Purported Creditor may have access to the Property, and Owner is extremely suspicious that both the First Involuntary Petition and the Second Involuntary Petition are some type of ruse to prevent Owner from securing and enjoying the use of its Property or to otherwise prevent Owner from enforcing the Judgment of Possession.[2]

27.    As Purported Debtor no longer owns the Property, he is (at most) a mere occupant in possession, without any legal right to be either an occupant or in possession.

28.    The Owner respectfully requests that relief from stay be granted, as the Owner is the sole Owner of the Property and must be allowed to enjoy the rights incident to ownership and be able to evict the Purported Debtor or others from the Property.

29.    11 U.S.C. § 362(d)(1) provides, in pertinent part, that the Court shall grant relief from the stay imposed by Section 362(a) "for cause, including lack of adequate protection of an interest in property…". 11 U.S.C. § 362(d)(1).

---

[1] Owner inadvertently identified the premises in its motion terminating the automatic stay as 762 Empire Boulevard, Unit 1D. The D Unit is identified by the Purported Creditor as Purported Debtor's address on the Involuntary Petition. As set forth below, due to this inadvertence, Owner requests the July 17, 2013 Order be vacated.

[2] Owner intends to seek a Rule 2004 examination of the Purported Creditor and to seek proximate and punitive damages from the Purported Creditor to the extent the First Involuntary Petition and/or Second Involuntary Petition were filed in bad faith.

30.    It is respectfully submitted that the Purported Debtor has no ownership interest in the Property that would be part of the estate within the meaning of 11 U.S.C. §541.  Therefore, the Owner is entitled to relief from the automatic stay for "cause" within the meaning of 11 U.S.C. §362(d)(1), as its rights should not be impaired by a bankruptcy concerning an individual who has no legally enforceable interest in the Property.

31.    Moreover, 11 U.S.C. § 362(d)(2) provides, in pertinent part, that the Court shall grant relief from the stay imposed by Section 362(a) "with respect to a stay of an act against property … if (A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization".  11 U.S.C. § 362(d)(2).

32.    It is respectfully submitted that the requirements of 11 U.S.C. § 362(d)(2)(A) are fulfilled, as the Purported Debtor has no legally enforceable interest, let alone equity, in the Property.   The requirements of 11 U.S.C. § 362(d)(2)(B) are fulfilled as (i) the instant bankruptcy case is not a reorganization case and (ii) the Debtor has no legally enforceable interest in the Property.

33.    As the instant Motion is not based on a mortgage default, but is based upon Owner's fee simple ownership interest in the Property and the Judgment of Possession entered against the Purported Debtor, Owner respectfully requests that the requirement for a worksheet be waived as such worksheet will not provide any information.

34.    Further, Owner respectfully requests this Court vacate the July 17, 2013 Order terminating the automatic stay as the Order refers to the D Unit and not the Property.

35.    A copy of a proposed Order granting the relief sought by Owner is annexed hereto as **Exhibit "D"**.

WHEREFORE, U.S. Bank National Association, as trustee, of the CSFB ABS Trustee Series Heat 2002-1 respectfully requests this Court to enter an Order: (A) terminating the automatic stay as to Owner's interest in the Property more commonly referred to as 762 Empire Boulevard, Unit 1D, Brooklyn, NY 11213; (B) vacating the Order terminating the automatic stay dated July 17, 2013; and (C) such additional relief as the Court may deem just in this matter.

Dated:    August 9, 2013
          White Plains, NY

By: _Andrea M. Roberts_
          Richard J. Pelliccio (RJP-6537)
          Andrea M. Roberts (AMR-7383)
ECKERT SEAMANS CHERIN & MELLOTT, LLC
10 Bank Street, Suite 700
White Plains, NY 10606

# Exhibit A



2012052401185001001E3C8C

## RECORDING AND ENDORSEMENT COVER PAGE                PAGE 1 OF 9

| Document ID: 2012052401185001 | Document Date: 03-02-2012 | Preparation Date: 05-29-2012 |
|---|---|---|

Document Type: DEED
Document Page Count: 8

| PRESENTER: | RETURN TO: |
|---|---|
| TITLE NO: MAC-1573-KINGS | SELECT PORTFOLIO SERVICING, INC |
| METROPOLIS ABSTRACT AS AGENT FOR OLD REPUBLIC | 3815 SOUTH WEST TEMPLE |
| 570 TAXTER ROAD | SALT LAKE CITY, UT 84115 |
| ELMSFORD, NY 10523 | |
| 914-592-0003 | |

### PROPERTY DATA

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| BROOKLYN | 1427 | 1020 Entire Lot | 1E | 762 EMPIRE BOULEVARD |

Property Type: SINGLE RESIDENTIAL CONDO UNIT

### CROSS REFERENCE DATA

CRFN _____ or  Document ID _____ or ____ Year____ Reel ____ Page ____ or File Number _____

### PARTIES

| GRANTOR/SELLER: | GRANTEE/BUYER: |
|---|---|
| DAVID CHIDEKEL, ESQ. REFEREE | U.S. BANK NATIONAL ASSOCIATION |
| 575 MADISON AVENUE, SUITE 1006 | 338 SOUTH WARMINSTER ROAD |
| NEW YORK, NY 10022 | HATBORO, PA 19040 |

### FEES AND TAXES

| Mortgage | | | Filing Fee: | |
|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | | $ 0.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | |
| Exemption: | | | Ref.No. 2006000258460 PREPAID $ | 2,487.10 |
| TAXES: County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | |
| City (Additional): | $ | 0.00 | Ref.No. 2006000258460 PREPAID $ | 996.00 |
| Spec (Additional): | $ | 0.00 | | |
| TASF: | $ | 0.00 | | |
| MTA: | $ | 0.00 | | |
| NYCTA: | $ | 0.00 | | |
| Additional MRT: | $ | 0.00 | | |
| TOTAL: | $ | 0.00 | | |
| Recording Fee: | $ | 77.00 | | |
| Affidavit Fee: | $ | 0.00 | | |

RECORDED OR FILED IN THE OFFICE
OF THE CITY REGISTER OF THE
CITY OF NEW YORK

Recorded/Filed      06-12-2012 16:22
City Register File No.(CRFN):
2012000229404

*Annette M Hill*

*City Register Official Signature*

*mac c_ _y #1573-8*

**THIS DEED** dated the 2 day of March, 20 a,

**BETWEEN** David Chidekel, Esq., 575 Madison Avenue, Suite 1006, New York, New York 10022, Referee duly appointed in the action hereinafter mentioned, Grantor, and

U.S. Bank National Association as trustee of CSFB ABS Trust Series HEAT 2002-1, 338 South Warminster Road, Hatboro, PA 19040, Grantee,

**WITNESSETH** that the Grantor, the referee appointed in an action between U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE OF CSFB ABS TRUST SERIES HEAT 2002-1, Plaintiff, and JACOB REICHMAN and DALIA REICHMAN, Defendants, under Index No. 11889/2005, Supreme Court of the State of New York, Kings County, 360 Adams Street, Foreclosure Part, Room 274, Brooklyn, NY 11201, foreclosing a mortgage recorded on January 15, 2002, in the Office of the Clerk of the County of Kings, in Liber 5435 of Mortgages, at Page 2296, in pursuance of a judgment entered at an IAS, Part 49 of the Supreme Court, on September 9, 2005, and in consideration of <u>Two Hundred Fifty-one Thousand Five Hundred Five and 24/100 ($251,505.24)</u> Dollars paid by the Grantee, being the highest sum bid at the sale under said judgment, does hereby grant and convey unto the Grantee

Said premises known as and by the street address: 762 Empire Boulevard 1E, Brooklyn, New York 11213.

**SEE EXHIBIT "A" ANNEXED HERETO AND MADE A PART HEREOF.**

Said premises being and intended to be the same premises conveyed by Deed dated January 4, 1996, from SHELIBONEH CONSTRUCTION, INC. to JACOB REICHMAN, recorded February 2, 1996, in Liber 3647 at page 919.

**TO HAVE AND TO HOLD** the premises granted unto the Grantee U.S. Bank National Association as trustee of CSFB ABS Trust Series HEAT 2002-1, and its assigns forever. Whenever the text requires, the singular number herein shall include the plural and all genders.

This deed replaces a referee's deed which I executed before a notary public on February 16, 2006, a true and correct copy of which is attached hereto as Exhibit B. The original deed cannot be located after a diligent search and was not recorded.

{V0053405.1}

**IN WITNESS WHEREOF**, the grantor has set his hand and seal, the date first above written.

David Chidekel, Esq.
Referee

STATE OF NEW YORK      }
                   } SS.:
COUNTY OF NEW YORK  }

    On the 2_ day of _March____ in the year 2012 before me, the undersigned, a notary public in and for said state, personally appeared David Chidekel, Esq., personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity that by his/her their signature(s) on the instrument, the individual(s) or the person upon behalf of which the individual(s), acted executed the instrument.

NOTARY PUBLIC

ARMIDA ALARCON
COMMISSIONER OF DEEDS
EXP DEC 1, 20__
NEW YORK COUNTY
NO. 2-12565

SEAL

Record & Return to:
Select Portfolio Servicing, Inc.
3815 South West Temple
Salt Lake City, UT 84115

{V0053405.1}

EXHIBIT "A"

BLOCK: 1427 AND LOT: 1020

THE Unit (the "Unit") known as Unit No. 1E in the Empire Gardens Condominium located at

762 Empire Boulevard, Borough of Brooklyn, County of Kings, City and State of New York,

said Unit being designated and described as Unit No. 1 E in the Declaration establishing a plan

for condominium ownership of said premises under Article 9-B of the Real Property Law of the

State of New York (the "New York Condominium Act"), said Declaration dated January 5, 1995

and recorded in the Kings County Office of the Register of the City of New York (the "City

Register's Office") on August 21, 1995 in Reel 3567 page 126 and also designated as Tax Lot

1020 in Block 1427 of Section 5 of the Borough of Brooklyn on Tax Map of the Real Property

Assessment Department of the City of New York and on the Floor Plans of said Building,

certified by Robert Henry, R.A. on June 2, 1992, and filed in the City Register's Office on   1995

as Condominium Plan No 513. The premises upon which the Condominium and the Unit therein

are located (the "Property") are more particularly described in Schedule A hereto and made a

part hereof.  All capitalized terms herein which are not separately defined herein shall have the

meanings given to those terms in the Declaration or in the By-Laws of the Condominium.  (Said

Declaration and By-Laws, as the same may be amended from time to time, are hereinafter

referred to as the "Declaration and the "By-Laws", respectively).


TOGETHER with an undivided 1.70% interest in the Common Elements.


{V0053405.1}

SCHEDULE A

ALL that certain plot, piece or parcel of land, situate, lying and being in the Borough of Brooklyn, County of Kings, City and State of New York, bounded and described as follows:

BEGINNING at a point on the easterly side of Troy Avenue, distant fifteen feet, one and three quarter inches northerly from the corner formed by the intersection of the easterly side of Troy Avenue and the northerly side of Lefferts Avenue (formerly known as Broadway);

RUNNING THENCE northerly along the easterly side of Troy Avenue, eighty five feet;

THENCE easterly at right angles to Troy Avenue, one hundred feet;

THENCE southerly parallel with Troy Avenue, eighty four feet nine and one eight inches;

THENCE southwesterly parallel with Lefferts Avenue (formerly known as Broadway), on foot seven and one eight inches;

THENCE westerly at right angles to Troy Avenue, ninety eight feet five and one eight inches to the easterly side of Troy Avenue at the point or place of BEGINNING.

EXHIBIT B

ORIGINAL

THIS DE                 st day of December, 2005

BETWEEN David Chidekel, Esq., 575 Madison Avenue, Suite 1006, New York, New York 10022, Referee duly appointed in the action hereinafter mentioned, Grantor, and

U.S. Bank National Association as trustee of CSFB ABS Trust Series HEAT 2002-1, 338 South Warminster Road, Hatboro, PA 19040, Grantee,

WITNESSETH that the grantor, the referee appointed in an action between U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE OF CSFB ABS TRUST SERIES HEAT 2002-1, Plaintiff and JACOB REICHMAN; DALIA REICHMAN, Defendants under Index No. 11889/2005, Kings County Supreme Court, 360 Adams Street, Foreclosure Part, Room 274, Brooklyn, NY 11201, foreclosing a mortgage recorded on January 15, 2002, in the Office of the Clerk of the County of Kings, in Liber 8435 of Mortgages, at Page 2296, in pursuance of a judgment entered at an IAS, Part 49 of the Supreme Court, on September 9, 2005, and in consideration of Two Hundred Fifty-one Thousand Five Hundred Five and 24/100 ($251,505.24) Dollars paid by the grantee, being the highest sum bid at the sale under said judgment, does hereby grant and convey unto the grantee

Said premises known as and by the street address:    762 Empire Boulevard 1E, Brooklyn, New York 11213.

SEE SCHEDULE "A" ANNEXED HERETO AND MADE A PART HEREOF.

Said premises being and intended to be the same premises conveyed by Deed dated January 4, 1996, from SHELIKOWER CONSTRUCTION, INC. to JACOB REICHMAN, recorded February 2, 1996, in Liber 3647 at page 919.

TO HAVE AND TO HOLD the premises granted unto the grantee U.S. Bank National Association as trustee of CSFB ABS Trust Series HEAT 2002-1, and its assigns forever.  Whenever the text requires, the singular number herein shall include the plural and all genders.

IN WITNESS WHEREOF, the grantor has set his hand and seal, the date first above written.

David Chidekel, Esq.
Referee

STATE OF NEW YORK

COUNTY OF

On the 10 day of February in the year 2006, before me, the undersigned, a notary public in and for said state, personally appeared David Chidekel, Esq., personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity that by his/her their signature(s) on the instrument, the individual(s) or the person upon behalf of which the individual(s), acted executed the instrument.

Gloria A. Rivera
NOTARY PUBLIC

**SCHEDULE "A"**

BLOCK: 1433  AND LOT: 1026.

THE Unit (the "Unit") known as Unit No. 1E in the Emily's Gardens
Condominium located at 763 Empire Boulevard, Borough of Brooklyn,
County of Kings, City and State of New York, said Unit being
designated and described as Unit No. 1 E in the Declaration
establishing a plan for condominium ownership of said premises under
Article 9-B of the Real Property Law of the State of New York (the
"New York Condominium Act"), said Declaration dated January 1, 1975
and recorded in the Kings County Office of the Register Y of the City
of New York (the "City Register's Office") on August 2 I, 1975 in
Reel 3967 page 136 and also designated as Tax Lot 1026 in Block 1433
of Section 5 of the Borough of Brooklyn on the Tax Maps of the Real
Property Assessment Department of the City of New York and on the
Floor Plans of said Building, certified by Robert Kennedy, R.A. on
June 2, 1982, and filed in the City Register's Office   as   1391 as
Condominium Plan No.    .  The premises upon which the   Condominium
and the Unit therein are located (the "Property") are   more
particularly described in Schedule 1 hereto and made a part hereof.
All capitalized terms herein which are not separately defined herein
shall have the meanings given to these terms in the Declaration or
in the By-Laws of the Condominium.  (Said Declaration, and By-Laws,
as the same may be amended from time to time, are hereinafter
referred to as the "Declaration and the "By-Laws", respectively).

TOGETHER with an undivided 1.76% interest in the Common Elements.

Index No. 11889/2005

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------X
DAVID CHIDEKEL, ESQ., Referee,

                                        Grantor,

                    TO

U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE OF
CSFB ABS TRUST SERIES HEAT 2002-1,

                                        Grantee.
-----------------------------------------------X


------------------------------------------------

                    REFEREE'S DEED IN FORECLOSURE


------------------------------------------------

                        SECTION:
                        BLOCK: 1427
                        LOT: 1020


                    RECORD AND RETURN TO:
        U.S. Bank National Association as trustee of CSFB ABS Trust
                        Series HEAT 2002-1
                        338 South Warminster Road
                        Hatboro, PA 19040

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**



2012052401185001001SF20D

| SUPPORTING DOCUMENT COVER PAGE | PAGE 1 OF 1 |
|---|---|

| Document ID: 2012052401185001 | Document Date: 03-02-2012 | Preparation Date: 05-29-2012 |
|---|---|---|

Document Type: DEED

**SUPPORTING DOCUMENTS SUBMITTED:**

Page Count

RP - 5217 REAL PROPERTY TRANSFER REPORT    2

| FOR CITY USE ONLY | | REAL PROPERTY TRANSFER REPORT |
|---|---|---|
| C1. County Code [____] | C2. Date Deed Recorded [__] [__] [__]  Month  Day  Year | STATE OF NEW YORK |
| C3. Book OR [_____] | C4. Page [_____] | STATE BOARD OF REAL PROPERTY SERVICES |
| C6. CRFN [_____] | | **RP - 5217NYC** |
| | | (Rev 11/2002) |

**PROPERTY INFORMATION**

**1. Property Location**  762 · Empire Boulevard, Unit 1E · Brooklyn · 11213
STREET NUMBER · STREET NAME · BOROUGH · ZIP CODE

**2. Buyer Name**  U.S. Bank National Association, As Trustee
LAST NAME / COMPANY · FIRST NAME

[_____]  [_____]
LAST NAME / COMPANY · FIRST NAME

**3. Tax Billing Address**  Indicate where future Tax Bills are to be sent. If other than buyer address (at bottom of form)
Select Portfolio Servicing, Inc.
LAST NAME / COMPANY · FIRST NAME

3815 SouthWest Temple · Salt Lake City · UT · 84115
STREET NUMBER AND STREET NAME · CITY OR TOWN · STATE · ZIP CODE

**4. Indicate the number of Assessment Roll parcels transferred on the deed** [____] # of Parcels  OR  [ ] Part of a Parcel

4A. Planning Board Approval - N/A for NYC
4B. Agricultural District Notice - N/A for NYC

Check the boxes below as they apply:
6. Ownership Type is Condominium [X]
7. New Construction on Vacant Land [ ]

**5. Deed Property Size**  [_____] X [_____]  OR  [_____]
FRONT FEET · DEPTH · ACRES

**8. Seller Name**  David Chidekel, Esq., as Referee
LAST NAME / COMPANY · FIRST NAME

[_____]  [_____]
LAST NAME / COMPANY · FIRST NAME

**9. Check the box below which most accurately describes the use of the property at the time of sale:**

| A [ ] One Family Residential | C [ ] Residential Vacant Land | E [ ] Commercial | G [ ] Entertainment / Amusement | I [ ] Industrial |
|---|---|---|---|---|
| B [ ] 2 or 3 Family Residential | D [ ] Non-Residential Vacant Land | F [X] Apartment H [ ] Community Service | | J [ ] Public Service |

**SALE INFORMATION**

**10. Sale Contract Date** [__] / [__] / [__]  Month  Day  Year

**11. Date of Sale / Transfer** 03 / 02 / 12  Month  Day  Year

**12. Full Sale Price** $251,505.24

( Full Sale Price is the total amount paid for the property including personal property. This payment may be in the form of cash, other property or goods, or the assumption of mortgages or other obligations.) *Please round to the nearest whole dollar amount.*

**13. Indicate the value of personal property included in the sale** $0.00

**14. Check one or more of these conditions as applicable to transfer:**

| A | [ ] Sale Between Relatives or Former Relatives |
|---|---|
| B | [ ] Sale Between Related Companies or Partners in Business |
| C | [ ] One of the Buyers is also a Seller |
| D | [ ] Buyer or Seller is Government Agency or Lending Institution |
| E | [Y] Deed Type not Warranty or Bargain and Sale ( Specify Below ) |
| F | [ ] Sale of Fractional or Less than Fee Interest ( Specify Below ) |
| G | [ ] Significant Change in Property Between Taxable Status and Sale Dates |
| H | [ ] Sale of Business is Included in Sale Price |
| I | [ ] Other Unusual Factors Affecting Sale Price ( Specify Below ) |
| J | [ ] None |

Referee's Deed/Foreclosure

**ASSESSMENT INFORMATION - Data should reflect the latest Final Assessment Roll and Tax Bill**

**16. Building Class** [____]   **18. Total Assessed Value** (of all parcels in transfer) [_____]

**17. Borough, Block and Lot / Roll Identifier(s)** ( If more than three, attach sheet with additional identifier(s) )

Brooklyn (Section 3) · Block 1427 · Tax Lot 1020

**CERTIFICATION**  I certify that all of the items of information entered on this form are true and correct (to the best of my knowledge and belief) and I understand that the making of any willful false statement of material fact herein will subject me to the provisions of the penal law relative to the making and filing of false instruments.

BUYER · BUYER'S ATTORNEY

c/o Select Portfolio Servicing, Inc.
BUYER SIGNATURE · DATE

3815 South West Temple
STREET NUMBER · STREET NAME (AFTER SALE)

Salt Lake City · UT · 84115
CITY OR TOWN · STATE · ZIP CODE

Davis · Dorothy
LAST NAME · FIRST NAME

415 · 566-5963
AREA CODE · TELEPHONE NUMBER

SELLER

SELLER SIGNATURE · DATE 3/2/12

## ADDENDUM TO RP-5217

Transferor:   David Chidekel, as referee

Transferee:   US Bank National Association, as Trustee

Property:    762 Empire Boulevard
             Brooklyn, NY 11213, Unit 1E

    Jacob Reichman is a defaulted mortgagor who has been foreclosed of all right, title and interest in the above-referenced property.  As such, the undersigned is unable to verify his social security or tax identification number or obtain his signature.

Dated: White Plains, NY
     July 27, 2011

Richard J. Pelliccio, Esq.

# Exhibit B

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS        PART  (

INDEX # 083874/2012
JUDGMENT SEQ # 001

DECISION AND JUDGMENT

U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE OF CSFB ABS TRUST,
Petitioner(s)

AGAINST

REICHMAN, JACOB
REICHMAN, DALIA
DOE, JOHN
DOE, JANE

Respondent(s)

**Decision and judgment is** rendered based upon
a decision made after an inquest was held as follows:
Judgment of possession is granted in favor of:
U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE OF CSFB ABS TRUST,
and against
REICHMAN, JACOB
REICHMAN, DALIA
DOE, JOHN
DOE, JANE
A counterclaim is granted in favor of the respondent in the amount of     $0.00
(which if not being entered separately is offset and reflected in the
total amount due, listed below.)

A money judgment is hereby granted, along with cost and disbursements
in the amount of     $0.00 in favor of:
U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE OF CSFB ABS TRUST,
and against
REICHMAN, JACOB
REICHMAN, DALIA
DOE, JOHN
DOE, JANE

for a total amount of     $0.00

(Monthly use and occupancy is set at     $0.00 per month, as per order,
stipulation or decision in record.)

Warrant to issue forthwith

Date _____

Execution _____

**GARY F. MARTON**
Judge, Civil/Housing Court, HOUSING PART

CIV-LT-50(2006)

Page 1 of 2

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS        PART  L
DECISION AND JUDGMENT

INDEX # 083874/2012
JUDGMENT SEQ # 001

Section 5020(c) of the Civil Practice Law and Rules requires that a satisfaction be filed with the clerk when the judgment is satisfied.  Failure to do so subjects the judgment creditor to penalties.

=====================================================================

ENTRY OF JUDGMENT

Judgment entered in accordance with the above on ___10/18/12___

*Carol Alt*
CHIEF CLERK

Chief Clerk, Civil Court

Warrant issued to Marshal _____ On _____

CIV-LT-50(2006)

Page 2 of 2

# Exhibit C

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

In Re:

JACOB REICHMAN                                   Case No.: 13-43565-ess
                                                 Chapter 7
                    Debtor.

                                                 Assigned to:
                                                 HON. ELIZABETH S. STONG
                                                 Bankruptcy Judge

## ORDER GRANTING MOTION FOR TERMINATION OF AUTOMATIC STAY

NOW THIS _16th_ day of _July_, 2013, the Motion (the "Motion") of U.S. Bank National

Association, as trustee, of the CSFB ABS Trustee Series Heat 2002-1 (the "Owner"), dated June

12, 2013, came before the Court for termination of the automatic stay with respect to real

property more commonly referred to as 762 Empire Boulevard, Unit 1D, Brooklyn, NY 11213

(the "Property"). This Court, having considered the matter presented and any responses thereto,

and with good cause appearing therefore, it is hereby

**ORDERED,** that the automatic stay in effect pursuant to 11 U.S.C. Section 362(a), is

hereby terminated pursuant to 11 U.S.C. § 362(d)(1) and (d)(2) to allow the Owner to pursue its

rights under applicable law with respect to the above-described Property; and it is further

~~ORDERED, that Owner's enforcement of its rights pursuant to the prior paragraph shall~~

~~not be the subject of the automatic stay in any subsequent bankruptcy case filed by or against Mr.~~

~~Jacob Reichman.~~

Dated: Brooklyn, New York                        _Elizabeth S. Stong_
       July 17, 2013                             _____
                                                 Elizabeth S. Stong
                                                 United States Bankruptcy Judge

# Exhibit D

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

_____

In Re:

JACOB REICHMAN

             Debtor.

Case No.:  13-41214-ess
Chapter 7

Assigned to:
HON. ELIZABETH S. STONG
Bankruptcy Judge

_____

## ORDER GRANTING MOTION FOR TERMINATION OF AUTOMATIC STAY

NOW THIS _____ day of _____, 2013, the Motion (the "Motion") of U.S. Bank National Association, as trustee, of the CSFB ABS Trustee Series Heat 2002-1 (the "Owner"), dated August 9, 2013, came before the Court for termination of the automatic stay with respect to real property more commonly referred to as 762 Empire Boulevard, Unit 1E, Brooklyn, NY 11213 (the "Property").  This Court, having considered the matter presented and any responses thereto, and with good cause appearing therefore, it is hereby

**ORDERED,** that the automatic stay in effect pursuant to 11 U.S.C. Section 362(a), is hereby terminated pursuant to 11 U.S.C. § 362(d)(1) and (d)(2) to allow the Owner to pursue  its rights under applicable law with respect to the above-described Property.

Dated: Brooklyn, New York
_____ , 2013

                        _____
                        Hon. ELIZABETH S. STONG
                        United States Bankruptcy Judge

## CERTIFICATE OF SERVICE

I hereby certify that I caused true and correct copies of the foregoing **NOTICE OF MOTION FOR TERMINATION OF AUTOMATIC STAY** and **AFFIRMATION IN SUPPORT OF MOTION FOR TERMINATION OF AUTOMATIC STAY** upon the persons listed below via First Class U.S. Mail, postage prepaid, this 12th day of August, 2013:

JACOB REICHMAN
762 Empire Boulevard, Unit 1D
Brooklyn, NY  11213

*Pro Se* Debtor

BEN ERPST
Empire Condo Owners Associates
1705 51st Street
Brooklyn, NY  11201

*Pro Se* Petitioner

OFFICE OF U.S. TRUSTEE
271 Cadman Plaza East
Suite 4529
Brooklyn, NY 11201

U.S. Trustee

COUNTRYWIDE HOME LOANS, INC.
Sweeney, Gallo, Reich & Bolz, LLP
95-25 Queens Blvd.
Rego Park, New York 11374


/s/ Andrea M. Roberts_____